# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PCH MUTUAL INSURANCE CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHADY LANE PERSONAL CARE ) <br> HOME, INC.; ROSETTA MORRIS; ) <br> HERMAN MORRIS; SHADY LANE ) <br> PCH; and CHRISTOPHER GALL, ) <br> *Individually and as Personal* ) <br> *Representative of the Estate of Jeremy* ) <br> *Edward Gall,* ) <br> ) <br> Defendants. ) | Case No. CV415-088 |

## ORDER

After months of unexplained inactivity in this matter, the Court ordered plaintiff PCH Mutual Insurance Co. to show cause why this case should not be administratively closed. Doc. 20 (filed August 28, 2015). In that order, the Court speculated that the bankruptcy of defendants Rosetta and Herman Morris, filed shortly after PCH filed its complaint, might explain the lack of progress here. *Id.* at 1. Turns out that's only part of the story.

On July 2, 2015, the bankruptcy court granted PCH relief from the automatic stay of this action created by the Morrises' bankruptcy. *See In re Morris*, No. 15-40437, doc. 67 (Bankr. S.D. Ga. 2015). According to PCH, the Morrises' deadline to answer PCH's complaint thus became August 3, 2015. Doc. 21 at 5. They still have not answered. In fact, only defendant Christopher Gall has. *See* doc. 13 (filed April 17, 2015). The Morrises and the Shady Lane entities therefore are all in default.[1]

In its response to the Court's show cause order, PCH acknowledges those defaults, but that's it. It never mentions moving for entry of default or otherwise addresses the defendants' failure to respond.[2]

---

[1] The Shady Lane entities never went bankrupt and thus were not subject to the automatic stay. They therefore had until April 27, 2015 (PCH originally filed its complaint on March 13, 2015 in the Northern District of Georgia, but later moved to transfer venue to this Court. That transfer occurred on March 26, 2015. Doc. 5.) to answer, but never have.

[2] Courts can, of course:

> grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief. *See Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F.Supp.2d 641, 645–46 (D. Md. 2009) (awarding default judgment in declaratory judgment action); *Am. Select Ins. Co. v. Taylor*, 445 F. Supp. 2d 681, 684 (N.D. W. Va. 2006) (same); *see also Penn Am. Ins. Co. v. Valade*, 28 Fed. App'x 253 (4th Cir. 2002) (unpublished per curiam op.) (affirming summary judgment in favor of insurer, against third party, following entry of default judgment against insured in declaratory judgment action).

*Scottsdale Ins. Co. v. Bounds*, 2012 WL 1576105 at * 3 (D. Md. May 2, 2012); *see also Taylor v. Wachovia Mortg. Corp.*, 2009 WL 249353 at * 12 (N.D. Ga. Jan. 30, 2009) ("Wachovia remains entitled to a default judgment since plaintiff did not reply to the

Instead, after revealing that it served requests for admission on September 1, 2015 on the defendants in default, PCH asks the Court to set two deadlines: (1) September 25, 2015 for Gall and PCH to conduct a Rule 26(f) conference; and (2) October 9, 2015 for those parties to file a Joint Preliminary Report and Discovery Plan. Doc. 21 at 6.

Under Local Rule 26.1(a), the parties must "confer as provided in Fed. R. Civ. P. 26(f) by the earlier of (i) 21 days after the filing of the last answer of the defendants named in the original complaint or (ii) 45 days after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint." Forty-five days after Gall answered was June 1, 2015, which means PCH wants more than a three month extension. To boot, it requested the extension three months after the deadline expired and even then only because the Court prompted it to. Such delay is inconsistent with the general purpose of the federal rules, which exist "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Nevertheless, no sanction is appropriate since it now appears that PCH and Gall are prepared to expeditiously litigate this matter. The

---

counterclaim for declaratory relief. *See Owners Ins. Co. v. James*, 295 F. Supp. 2d 1354, 1360 (N.D. Ga. 2003) (granting default judgment on declaratory judgment claim).").

Court therefore **GRANTS** PCH's requested deadlines, but there will be no further extensions absent a showing of good cause, which would require a far better showing than what PCH has offered here.

**SO ORDERED**, this 9th day of September, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**